Goodhomes Realty Company, Inc. v. Commissioner.
Goodhomes Realty Co. v. Commissioner
Docket Nos. 34882, 35997, 36385.
United States Tax Court
1952 Tax Ct. Memo LEXIS 69; 11 T.C.M. (CCH) 999; T.C.M. (RIA) 52296; October 8, 1952
Laurence Graves, Esq., 20 Exchange Pl., New York, N. Y., and William J. Harris, Esq., for the petitioner. Paul M. Stewart, Jr., Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies of income tax of $86,307.70 for 1946, $3,032.01 for 1947 and $2,638.46 for 1948. The only issue for decision is whether the petitioner sustained a net operating loss in any amount during 1946. That depends upon the basis, in this case cost, of 57.798 acres of land sold in 1946. The excess loss, if any, would carry over to the two later years. Findings of Fact The petitioner, a corporation, filed its income tax returns for the taxable years with the collector of internal revenue for the first district *70 of New York. The return for 1946 was filed March 7, 1947. The notice of deficiency was mailed on June 7, 1951. The petitioner was engaged in the real estate business at all times material hereto. The petitioner issued an undisclosed amount of its stock on January 31, 1920, shortly after its organization, in exchange for real property including 57.798 acres in Woodmere, Long Island, New York, then under lease to a club as a golf course. The lessee, which had its club house on adjoining property, was required to pay an annual rental of $12,000 and all taxes, assessments, water rates and insurance. The club continued to lease the property until it purchased it in 1946. The petitioner sold the property in 1946 for $400,000. The expenses of the sale were $2,940. The petitioner, in its return, reported a loss of $123,122, stating that the cost of the property was $520,182, its value at $9,000 an acre on January 31, 1920. It carried over portions of that loss to 1947 and 1948. The Commissioner, in determining the deficiencies, disallowed the loss and the carry-overs, holding that the cost of the property was $173,394, its value at $3,000 an acre on January 31, 1920. The fair market *71 value of the property on January 31, 1920 was $520,182. Opinion MURDOCK, Judge: The parties agree that the cost of the 57.798 acres was the value of the stock given in exchange for it and that value may be regarded, for the purpose of this case, as equal to the value of the property received for it. Cf. Ida V. McKinney, 32 B.T.A. 450, 456, affirmed 87 Fed. (2d) 811. They merely ask the Court to fix the value of the land on January 31, 1920 and the Court has done that although, in the absence of such an agreement, the reason for the use of that value would have to appear more clearly. The evidence in this case supports and, therefore, requires a finding of the fair market value of the 57.798 acres on January 31, 1920 and discussion of the question of burden of proof would be pointless. The Court has made that finding based upon all of the evidence. The Commissioner conceded that the value was substantially in excess of that determined and used by him in the notice of deficiency. The evidence supports the value used by the petitioner. That offered by the Commissioner to support a value not in excess of $300,000 is inaccurate and weak and suffers seriously *72 in comparison with that produced by the petitioner to prove that the value used by it was about right. The result is that the deficiency for 1946 is barred by the statute of limitation on assessment and collection because the notice of deficiency was mailed too late under section 275 (a) and section 275 (c) does not apply, while the petitioner is entitled to carry-overs for 1947 and 1948. Decision will be entered under Rule 50.